IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00580-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 15 2009

GREGORY C. LANGHAM
CLERK

JERRY L. MASKE,

    Plaintiff,

v.

ARAPAHOE COUNTY OFFICE OF CLERK AND RECORDER,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff Jerry L. Maske currently resides in Aurora, Colorado. Mr. Maske initiated this action by filing a *pro se* Complaint. On March 24, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Maske to file an Amended Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Mr. Maske filed an Amended Complaint on April 28, 2009.

The Court must construe the Amended Complaint liberally because Mr. Maske is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. Nonetheless, even though the Court must

construe Mr. Maske's pleadings liberally, the pleadings must follow the rules of federal civil procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert denied*, 513 U.S. 1090 (1995). For the reasons stated below the action will be dismissed.

The Court has reviewed the Amended Complaint and finds that Mr. Maske again has failed to comply with the pleading requirements of Rule 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

In the Amended Complaint, Mr. Maske states that his claims are asserted pursuant to Title II of the Americans with Disabilities Act (ADA) of 1990. He further asserts that he has been diagnosed by medical professionals as having a disability. Mr.

Maske claims that because he had repeated problems with fraud on his bank account he had a check returned, which he had submitted to the Arapahoe County Office of the Clerk and Recorder for payment of his vehicle registration fee and was accessed an excessive return-check fee. Mr. Maske further claims that because he is disabled, and has a limited income, he should not have to pay an excessive return-check fee. Mr. Maske seeks money damages.

Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable modifications . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131; *McGuinness*, 170 F.3d at 978.

Mr. Maske fails to demonstrate or plead how he is being excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or subjected to discrimination by any such entity." Mr. Maske's only argument appears to be that because he has a recorded disability, and limited monies, he should not have to pay an excessive return-check fee to the Arapahoe County Office of the Clerk and Recorder, when his bank account was subject to fraud. Mr. Maske's claims are inappropriate under Title II of the ADA. His reliance on Title II of the ADA is misplaced. It is not the intent of the ADA to require public entities to exempt return-check fees when a person is subject to bank fraud.

3

Mr. Maske also may not seek damages in a private cause of action under Title II of the ADA unless his claims are against a public entity for conduct that actually violates the Fourteenth Amendment. See *United States v. Georgia*, 546 U.S. 151, 159 (2006). Return-check fees required by a public entity do not violate the Fourteenth Amendment for purposes of the ADA.

A decision to dismiss a pleading pursuant to Rule 8 is within the Court's sound discretion. See *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). Mr. Maske fails to assert proper jurisdiction for this Court to consider his claims and to show that he is entitled to the relief he seeks. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that the Complaint, Amended Complaint, and action are dismissed without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8.

DATED at Denver, Colorado, this 14 day of May, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00580-BNB

Jerry Maske
2705 Danube Way, Unit 101
Aurora, CO 80013

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/15/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk